UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

_____

| | |
|---|---|
| DAVID GLOVER, | ) C/A No.: 4:24-cv-2635-MGL-TER |
| | ) |
| Petitioner, | ) |
| | ) |
| vs. | ) **Report and Recommendation** |
| | ) |
| WARDEN LAVERN COHEN, | ) |
| | ) |
| Respondent. | ) |
| _____ | ) |

Petitioner, David Glover (Petitioner), appearing *pro se*, filed his petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254[1] on April 29, 2024. (Doc. #1). Respondent filed a motion for summary judgment on September 17, 2024, along with a return and memorandum. (ECF Nos. 23 and #24). The undersigned issued an order filed September 18, 2024, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), advising Petitioner of the motion for summary judgment procedure and the possible consequences if he failed to respond adequately. (Doc. #25). Petitioner failed to file a response.

**RULE 41(B) DISMISSAL**

A complaint may be dismissed pursuant to Rule 41(b) of the Federal Rules of Civil Procedure for failure to prosecute and/or failure to comply with orders of the court. Ballard v. Carlson, 882 F.2d 93 (4th Cir. 1989), cert. denied, 493 U.S. 1084 (1990), and Chandler Leasing

---

[1] This habeas corpus case was automatically referred to the undersigned United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(c) (D.S.C.). Because this is a dispositive motion, this report and recommendation is entered for review by the district judge.

Corp. v. Lopez, 669 F.2d 919 (4th Cir. 1982). In considering whether to dismiss an action pursuant to Rule 41(b), the court is required to consider four factors:

(1) the degree of plaintiff's responsibility in failing to respond;

(2) the amount of prejudice to the defendant;

(3) the history of the plaintiff in proceeding in a dilatory manner; and,

(4) the existence of less drastic sanctions other than dismissal.

Davis v. Williams, 588 F.2d 69 (4th Cir. 1978).

In the present case, the Petitioner is proceeding pro se so he is entirely responsible for his actions. It is solely through Petitioner's neglect, and not that of an attorney, that no responses have been filed. Petitioner has not responded to Respondent's motion for summary judgment or the court's orders requiring him to respond. No other reasonable sanctions are available. Accordingly, it is recommended that this action be dismissed pursuant to Fed. R. Civ. Proc. 41(b).

In the alternative, the motion for summary judgment will be addressed below.

**PROCEDURAL HISTORY**

Petitioner failed to file a response. Therefore, the undersigned will set out the undisputed procedural history, in part, as set forth by the Respondent.

Petitioner is currently incarcerated within the SCDC[2] pursuant to orders of commitment from the Clerk of Court for Aiken County. Petitioner was indicted in July 2014 by the Aiken County Grand Jury for Attempted Murder, Possession of a Weapon During a Violent Crime, and Burglary in the first degree. Petitioner was represented by David C. Hayes and Michael Routzong, Esquires. Petitioner proceeded to trial on May 13, 2015, and the jury found him guilty of Attempted Murder

---

[2] The last known address for Petitioner is Ridgeland Correctional Institution.

and Possession of a Weapon During a Violent Crime. Petitioner was acquitted of Burglary in the first degree. The Honorable R. Knox McMahon sentenced Petitioner to twenty-five years for Attempted Murder and five years for the weapon charge to run concurrent. (ECF No. 23-1 at 416).

**Direct Appeal**

Petitioner filed an appeal of his convictions and sentences to the South Carolina Court of Appeals. Petitioner was represented by Laura Ruth Baer, Appellate Defender, South Carolina Commission on Indigent Defense. Petitioner raised the following issue:

> Whether the trial court erred in failing to recharge the jury on self-defense where the jury was charged on both attempted murder and assault and battery of a high and aggravated nature three times during the course of the trial court's original jury charge and recharges, such that, under the totality of the circumstances, the jury charge was unbalanced and prejudicial to the defendant?

(ECF No. 23-2 at 5). On January 11, 2017, the South Carolina Court of Appeals issued an unpublished opinion affirming Petitioner's convictions and sentences. State v. David Glover, 2017-UP-025 (Ct. App. filed January 11, 2017)(Unpublished). (ECF No. 23-4). A petition for rehearing was denied. Petitioner filed a Petition for Writ of Certiorari to the South Carolina Supreme Court raising the following issue:

> Whether the trial court erred in failing to recharge the jury on self defense where the jury was charged on self defense and ABHAN three times during the course of the trial courts original jury charge and recharges, such that under the totality of the circumstances, the jury charge was unbalanced and prejudicial to me.

(ECF No. 23-9 at 4). On December 13, 2017, the South Carolina Supreme Court denied certiorari. (ECF No. 23-11).

**PCR**

Petitioner filed his application for post-conviction relief (PCR) on November 12, 2018. (ECF

No. 23-1 at 418). Petitioner was represented by Arthur K. Aiken, Esquire. Petitioner filed an amended PCR petition raising the following issues:

> 1. Glovers, trial counsel's performance was deficient because he failed to preserve for appellate review the reversible error of the trial court's failure to give a general [intent] charge on the attempted murder charge, and Glover was prejudiced by that deficient performance.
> 2. Glovers' trial counsel's performance was deficient because he failed to object to the Court's instructions on implied malice, and Glover was prejudiced by that deficient performance.
> 3. In the jury instructions in this case, the trial court instructed the jury extensively on the law that implied malice can support a guilty verdict on an attempted murder charge. In 2017, the South Carolina Supreme Court changed the substantive law of attempted murder and held that implied malice evidence is no longer sufficient to show the specific intent to kill necessary for a finding of guilt on an attempted murder charge. State v. King. 422 S.C. 47, 810 S.E.2d 18 (2017). This law is applicable under the authority of Aikeen v. Byars, 410 S.C. 534, 765 S.E.d 572 (2014).

(ECF No. 23-1 at 437-438).

A PCR evidentiary hearing was held before the Honorable Jennifer B. McCoy, Circuit Court Judge ("the PCR Court"). (ECF No. 23-1 at 440). At the time of the hearing, Counsel for Petitioner stated that the issues Petitioner wanted to proceed with could be narrowed down to the argument that the trial judge erred by instructing the jury on implied malice. (ECF No. 23-1 at 444). Petitioner argued that there were two subsequent cases in which the court changed the law to hold that "there is no such thing as attempted murder by implied malice." Id. After an evidentiary hearing on June 2, 2021, the PCR Court denied the application with prejudice by Order of Dismissal filed October 5, 2021. (ECF No. 23-1 at 468).

**PCR Appeal**

Petitioner timely served and filed a notice of appeal. On appeal, Petitioner was represented

by Sarah E. Shipe, Esquire, of the South Carolina Commission on Indigent Defense, Division of Appellate Defense. (ECF No. 23-5). Petitioner's appeal was perfected with the filing of a <u>Johnson</u> Petition for Writ of Certiorari. In the <u>Johnson</u> petition, the following issue was raised:

> Whether the PCR court erred in denying relief where petitioner was entitled to the benefit of new substantive law which applied to his case while on collateral review where new law under <u>State v. King</u> and <u>State v. Shands</u>, that implied malice is not sufficient to support a conviction of attempted murder, rendered the court's thrice repeated implied malice instruction to the jury improper and prejudicial?

(<u>Johnson</u> petition; ECF 23-5 at 3).

The Supreme Court of South Carolina transferred the case to the South Carolina Court of Appeals. (ECF No. 23-6). Thereafter, by order filed April 2, 2024, the South Carolina Court of Appeals denied the <u>Johnson</u> Petition for Writ of Certiorari. (ECF No. 23-7). The Remittitur was issued on April 18, 2022, and filed on April 22, 2024. (ECF No. 23-8).

## HABEAS ALLEGATIONS

Petitioner raised the following allegations in his federal habeas petition, quoted verbatim:

GROUND ONE:           Self-defense

Supporting facts:     Here I will demonstrate that I was not at fault in causing the altercation and was attacked by a person in a drug induced rage. This case hinges on credibility of witness testimony and ultimately Vernell Weaver (victim) did test positive for cocaine when admitted to hospital. When children are born addicted to crack cocaine they are very temperamental and combative, it is clinically studied that a certain percentage of people that are addicted to crack, suffer from the same adverse behavior. And the percentages are even higher in women. As in my testimony I picked her up she went and bought she went back to where she was living she smoked what she had and when I told her I didn't have money for more she went into a drug induced rage screaming she knew I had more money

5

|||
|---|---|
| | and that she would kill me and came at me with a hammer, knocked me down that's when I shot to scare her but she gets strong when she's high. I shot again and mistakenly hit her. I never intended to actually shoot her. We were in a thirteen year tumultuous relationship and I seen her fall deeper and deeper into addiction. Myself I never tried the stuff. |
| GROUND TWO: | Inadequate Jury Instruction |
| Supporting Facts: | When Judge McMahon recharged and I again raised it on my P.C.R. that to be guilty of attempted murder the State must prove aforethought and malice by specific intent which was not the case here. Specific intent would infer planned not spontaneous reaction, by her own admission she admits she had a hammer, and her toxicology test admits she was under the influence of cocaine and as earlier could have been in a drug fueled rage, which according to clinical studies is one of the horrific attributes of crack addiction. For instance Ms. Weaver had died with the hammer in her hand, it is clearly imbedded in S.C. law that a killing in sudden heat of passion because of a slight physical aggression against another is manslaughter, not murder. It is clear and unambiguous here there wasn't any aforethought or specific intent, both parties were armed with deadly weapons clearly in a heated altercation. There just wasn't any aforethought or specific intent. Thus, would imply that the verdict is against the weight of the evidence. Also would be IAC and also per se neighbor testimony there was far to much remorse as if he victim was ok to have been intentional |
| GROUND THREE: | Jurisdiction |
| Supporting facts: | I was indicted for possession of a firearm during the commission of a violent crime: to wit 1st degree burglary therefore, the Court lacked subject matter jurisdiction to sentence me for possession of a firearm during the commission of 1st degree burglary as listed on the face of the indictment. |

(Petition).

## **STANDARD FOR SUMMARY JUDGMENT**

The federal court is charged with liberally construing the complaints filed by pro se litigants, to allow them to fully develop potentially meritorious cases. See Cruz v. Beto, 405 U.S. 319 (1972); Haines v. Kerner, 404 U.S. 519 (1972). The court's function, however, is not to decide issues of fact, but to decide whether there is an issue of fact to be tried. The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleadings to allege facts which set forth a federal claim, Weller v. Dep't of Social Servs., 901 F.2d 387 (4th Cir. 1990), nor can the court assume the existence of a genuine issue of material fact where none exists. If none can be shown, the motion should be granted. Fed. R. Civ. P. 56(c).

The moving party bears the burden of showing that summary judgment is proper. Summary judgment is proper if there is no genuine dispute of material fact and the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(a); Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). Summary judgment is proper if the non-moving party fails to establish an essential element of any cause of action upon which the non-moving party has the burden of proof. Celotex, 477 U.S. 317. Once the moving party has brought into question whether there is a genuine dispute for trial on a material element of the non-moving party's claims, the non-moving party bears the burden of coming forward with specific facts which show a genuine dispute for trial. Fed.R.Civ.P. 56(e); Matsushita Electrical Industrial Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574 (1986). The non-moving party must come forward with enough evidence, beyond a mere scintilla, upon which the fact finder could reasonably find for it. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986). The facts and inferences to be drawn therefrom must be viewed in the light most favorable to the non-moving party. Shealy v. Winston, 929 F.2d 1009, 1011 (4th Cir. 1991). However, the

non-moving party may not rely on beliefs, conjecture, speculation, or conclusory allegations to defeat a motion for summary judgment. Barber v. Hosp. Corp. of Am., 977 F.2d 874-75 (4th Cir. 1992). The evidence relied on must meet "the substantive evidentiary standard of proof that would apply at a trial on the merits." Mitchell v. Data General Corp., 12 F.3d 1310, 1316 (4th Cir. 1993).

To show that a genuine dispute of material fact exists, a party may not rest upon the mere allegations or denials of his pleadings. See Celotex, 477 U.S. at 324 (Rule 56(e) permits a proper summary judgment motion to be opposed by any of the kinds of evidentiary materials listed in Rule 56(c), except the mere pleadings themselves). Rather, the party must present evidence supporting his or her position through "depositions, answers to interrogatories, and admissions on file, together with . . . affidavits, if any." Id. at 322; see also Cray Communications, Inc. v. Novatel Computer Systems, Inc., 33 F.3d 390 (4th Cir. 1994); Orsi v. Kickwood, 999 F.2d 86 (4th Cir. 1993); Local Rules 7.04, 7.05, D.S.C.

## **STANDARD OF REVIEW**

In addition to the standard that the court must employ in considering motions for summary judgment, the court must also consider the petition under the requirements set forth in 28 U.S.C. § 2254. Under § 2254(d),

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in the State court proceedings unless the adjudication of the claim-
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the State court proceeding.

Thus, a writ may be granted if a state court "identifies the correct principle from [the Supreme]

Court's decisions but unreasonably applies that principle of law" to the facts of the case. Humphries v. Ozmint, 397 F.3d 206, 216 (4th Cir. 2005) (citing Williams v. Taylor, 529 U.S. 362, 413 (2000)). However, "an 'unreasonable application of federal law is different from an incorrect application of federal law,' because an incorrect application of federal law is not, in all instances, objectively unreasonable." Id. "Thus, to grant [a] habeas petition, [the court] must conclude that the state court's adjudication of his claims was not only incorrect, but that it was objectively unreasonable." McHone v. Polk, 392 F.3d 691, 719 (4th Cir. 2004). Further, factual findings "made by a State court shall be presumed to be correct," and a Petitioner has "the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1).

## PROCEDURAL BAR

The United States Supreme Court has clearly stated that the procedural bypass of a constitutional claim in earlier state proceedings forecloses consideration by the federal courts, Smith v. Murray, 477 U.S. 527, 533 (1986). Bypass can occur at any level of the state proceedings, if a state has procedural rules which bar its courts from considering claims not raised in a timely fashion. The two routes of appeal in South Carolina are described above, (i.e., direct appeal, appeal from PCR denial) and the South Carolina Supreme Court will refuse to consider claims raised in a second appeal which could have been raised at an earlier time. Further, if a prisoner has failed to file a direct appeal or a PCR and the deadlines for filing have passed, he is barred from proceeding in state court.

If the state courts have applied a procedural bar to a claim because of an earlier default in the state courts, the federal court honors that bar. State procedural rules promote

> . . . not only the accuracy and efficiency of judicial decisions, but also the finality of those decisions, by forcing the defendant to litigate all of his claims together, as quickly after trial as the docket will allow, and while the attention of the appellate court is focused on his case.

9

Reed v. Ross, 468 U.S. 1, 10–11 (1984).

Although the federal courts have the power to consider claims despite a state procedural bar,

> . . . the exercise of that power ordinarily is inappropriate unless the defendant succeeds in showing both "cause" for noncompliance with the state rule and "actual prejudice" resulting from the alleged constitutional violation.

Smith v. Murray, 477 U.S. at 533 (quoting Wainwright v. Sykes, 433 U.S. at 84 (1977)). See also Engle v. Isaac, 456 U.S. 107, 135 (1982).

Stated simply, if a federal habeas Petitioner can show (1) cause for his failure to raise the claim in the state courts, and (2) actual prejudice resulting from the failure, a procedural bar can be ignored and the federal court may consider the claim. Where a Petitioner has failed to comply with state procedural requirements and cannot make the required showing(s) of cause and prejudice, the federal courts generally decline to hear the claim. See Murray v. Carrier, 477 U.S. 478, 496 (1986).

Even if a Petitioner cannot demonstrate cause for failure to raise a claim, he can still overcome procedural default by showing a miscarriage of justice. In order to demonstrate a miscarriage of justice, a petitioner must show he is actually innocent. See Carrier. 477 U.S. at 496 (holding a fundamental miscarriage of justice occurs only in extraordinary cases, "where a constitutional violation has probably resulted in the conviction of someone who is actually innocent"). Actual innocence is defined as factual innocence, not legal innocence. Bousley v. United States, 523 U.S. 614, 623 (1998). To meet this actual innocence standard, the petitioner's case must be truly extraordinary. Carrier, 477 U.S. at 496.

## ANALYSIS

Respondent contends that Petitioner's Grounds One, Two and Three are technically

exhausted but are either procedurally defaulted in state court or not cognizable on federal habeas review and, therefore, barred from federal habeas review.[3]

In Ground One, Petitioner argues that the case hinged on the credibility of the witness's testimony arguing that he shot at the victim, who was in a drug induced rage, only to scare her. Respondent argues that this ground is basically an argument of actual innocense and Petitioner is complaining about the jury's verdict finding the victim more credible than Petitioner on his claim of self-defense. Respondent argues that this claim is not cognizable because actual innocence is not a free-standing claim upon which a petitioner can obtain federal habeas relief. Further, Respondent argues that the issue raised on direct appeal was the failure of the trial court to re-charge the jury on self-defense when the jury asked to be recharged on attempted murder and ABHAN not on the sufficiency of the evidence for self-defense as raised in Ground One.

If Petitioner is attempting to argue sufficiency of the evidence, it is procedurally barred as it was not raised in Petitioner's direct appeal. Since this claim was not properly pursued by the Petitioner in his direct appeal, federal habeas review of this claim is now precluded. Wainwright v. Sykes, 433 U.S. 72, 97 S.Ct. 2497, 53 L.Ed.2d 594 (1977); Waye v. Murray, 884 F.2d 765, 766 (4th Cir.1989), cert. denied, 492 U.S. 936, 110 S.Ct. 29, 106 L.Ed.2d 634 (1989). Coleman v. Thompson, 501 U.S. 722 (1991) (failure to properly appeal issue to state appellate court results in procedural bar on habeas review); Murray v. Carrier, 477 U.S. 478 (1986).

Petitioner has not presented cause to excuse the default of Ground One.  Therefore, Petitioner has failed to show cause for his procedural default on these issues. Rodriguez v. Young,

---

[3] Respondent submits that Petitioner is not in violation of the AEDPA one-year of statute of limitations.

906 F.2d 1153, 1159 (7th Cir. 1990), cert. denied, 498 U.S. 1035 (1991) ("Neither cause without prejudice nor prejudice without cause gets a defaulted claim into Federal Court."); Turner v. Jabe, 58 F.3d 924 (4th Cir.1995) (Absent a showing of "cause", the court is not required to consider "actual prejudice." ).  Therefore, it is recommended that Respondent's motion for summary judgment be granted with respect to Ground One. [4]

**Ground Two**

In Ground Two, Petitioner labels his ground as "Inadequate Jury Charge. " However, within the supporting facts, Petitioner argues that the verdict was against the "weight of the evidence." (ECF No. 1 at 11-12).  Petitioner asserts that the State did not prove "aforethought and malice by specific intent" and he was innocent of the convicted charges. Id. Respondent argues that the issue is procedurally barred because Petitioner did not raise this issue of sufficiency of the evidence on direct appeal.  Petitioner only raised the issue of trial court's failure to re-charge self-defense when

---

[4] If Petitioner is attempting to raise the freestanding claim of actual innocence based on self-defense, it is not cognizable on federal habeas review. "Habeas petitioners may use an actual innocence claim to excuse the procedural default of a separate constitutional claim upon which they request habeas relief." Buckner v. Polk, 453 F.3d 195, 199 (4th Cir. 2006) (citations omitted). However, "the Supreme Court has strongly suggested that claims of actual innocence standing alone do not serve as an independent basis for habeas relief: 'Claims of actual innocence based on newly discovered evidence have never been held to state a ground for federal habeas relief absent an independent constitutional violation occurring in the underlying state criminal proceeding.' " Id. (quoting Herrera v. Collins, 506 U.S. 390, 400 (1993)). Federal habeas relief is limited to claims involving a "violation of the Constitution or laws or treaties of the United States," and an actual innocence claim does not raise this type issue. 28 U.S.C. § 2254(a);  see also Stukes v. Warden, Ridgeland Corr. Inst., No. 0:19-CV-03087-DCC, 2020 WL 4820251, at *4 (D.S.C. Aug. 19, 2020), appeal dismissed, 850 F. App'x 193 (4th Cir. 2021); Canty v. Williams, 2021 WL 6773026, at *5 (D.S.C. July 28, 2021), adopted, 2022 WL 298142 (D.S.C. Feb. 1, 2022); Cook v. Nelson, 2024 WL 1494691, (D.S.C. Jan. 30, 2024), report and recommendation adopted, 2024 WL 1208629 (D.S.C. Mar. 21, 2024).

the jury asked for a specific recharge on Attempted Murder and ABHAN.

If petitioner is attempting to argue sufficiency of the evidence, it is procedurally barred as it was not raised on direct appeal. Since this claim was not properly pursued by the Petitioner in his direct appeal, federal habeas review of this claim is now precluded. Coleman v. Thompson, supra. (failure to properly appeal issue to state appellate court results in procedural bar on habeas review); Murray v. Carrier, 477 U.S. 478 (1986). Additionally, the court will not grant relief based on the state's own standards for sufficiency of the evidence. See Wilson v. Greene, 155 F.3d 396, 407 (4th Cir. 1998). If Petitioner is attempting to raise an issue concerning the trial court's State criminal charge to the jury, it is not cognizable on habeas review.[5] A State court's decision on a question of state law is binding in federal court. See Estelle v. McGuire, 502 U.S. 62, 67-68 (1991); Thomas v. Davis, 192 F.3d 445, 449 n. 1 (4th Cir. 1999). Claims arising from State law are not cognizable. See Estelle v. McGuire, 502 U.S. 62, 67-68 (1991). Therefore, it is recommended that Respondent's motion for summary judgment be granted as to Ground Two.

**Ground Three**

In Ground Three, Petitioner argues that the trial court lacked jurisdiction to sentence him on the weapon indictment because he was acquitted of Burglary in the first degree. State jurisdiction is not cognizable on federal habeas review. See Estelle v. McGuire, 502 U.S. 62, 67-68, 112 S.Ct. 475, 116 L.Ed.2d 385 (1991)(holding that federal habeas review is not available to review errors of state law); Wright v. Angelone, 151 F.3d 151, 158 (4th Cir. 1998)(holding that the issue of whether or not a state court has subject matter jurisdiction is an issue of state law). Therefore, it is

---

[5] See Footnote 4, infra.

recommended that Respondent's motion for summary judgment on Ground Three be granted.

## CONCLUSION

As set out above, the Petitioner's federal habeas corpus petition should be dismissed for failure to prosecute pursuant to Fed. R. Civ. Proc. 41(b), with prejudice.

Alternatively, it is RECOMMENDED that Respondent's motion for summary judgment (ECF #24) be GRANTED in its ENTIRETY, and the petition be dismissed without an evidentiary hearing.

Respectfully submitted,

s/Thomas E. Rogers, III  
January 6, 2025                      Thomas E. Rogers, III  
Florence, South Carolina             United States Magistrate Judge

The parties' attention is directed to the important notice on the next page.